Case 1;11-cv-00958-ARR-CLP   Document 24   Filed 01/04/12   Page 1 of 5 PageID #: 456 D/F

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 0 4 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

THOMAS GESUALDI and FRANK FINKEL, Trustee of       :
Local 282 International Brotherhood of Teamsters Welfare,   :
Pension, Annuity, job Training, and Vacation Sick Leave   :
Trust Funds,                                                                    :
                                                                                      :
                               Plaintiffs,                              :
                                                                                      :
        -against-                                                          :
                                                                                      :
INTERSTATE MASONRY CORP. and JANINE           :
FANTELLIZZI,                                                         X
                                                                                      
                        Defendants.

---------------------------------------------------------------- 

11-CV-958 (ARR) (CLP)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

On Febrary 28, 2011, Thomas Gesualdi and Frank Finkel ("plaintiffs"), as Trustees of

the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, job Training,

and Vacation Sick Leave Trust Funds ("the Funds"), commenced this action against defendants

Interstate Masonry Corp. ("Interstate") and Janine Frantellizzi ("Frantellizzi"), pursuant to

Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.

§§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.

§ 185.  Plaintiffs allege that defendant Interstate failed to timely submit contributions and reports

to the Funds as required by the terms of a collective bargaining agreement in effect from July 1,

2008, to June 30, 2011.  Defendants never answered the complaint, and, on August 29, 2011,

plaintiffs moved for a default judgment.  By order dated August 31, 2011, the court referred

plaintiff's motion to the Honorable Cheryl L. Pollak, United States Magistrate Judge.  See 28

U.S.C. § 636(b)(1).

On November 16, 2011, Magistrate Judge Pollak issued a Report and Recommendation

("R&R") recommending that plaintiff's motion for a default judgment be granted.  The R&R

recommended that plaintiffs be awarded the following damages from defendant Interstate:  (1)

$49,006.78 in delinquent contributions; (2) $6,473.60 in interest on the untimely paid

contributions; (3) $375.00 in administrative fees; (4) $11,319.54 in liquidated damages; and (5)

$6,580.10 in attorney's fees and costs.  It further recommended that defendant Frantellizzi be

jointly and severally liable for $3,592.24 of the damages assessed in delinquent contributions.

No objections to the R&R have been filed.  Accordingly, the Court has reviewed the

R&R for clear error on the face of the record.  See Advisory Comm. Notes to Fed. R. Civ. P.

72(b); accord Edwards v. Town of Huntington, No. 05-CV-339, 2007 U.S. Dist. LEXIS 50074,

at *6 (E.D.N.Y. July 11, 2007); McKoy v. Henderson, No. 05 Civ. 1535, 2007 U.S. Dist. LEXIS

15673, at *1 (S.D.N.Y. March 5, 2007).  Although the court is in large measure in full agreement

with Magistrate Judge Pollak's findings, the court finds error in certain minor respects.  First, the

R&R miscalculated the amount of delinquent contributions by $300.00, which shall be

subtracted from that portion of the damage award.[1]  Second, the R&R improperly double-

counted, as damages, $375.00 in administrative fees for returned checks, insofar as it included

those fees in assessing defendants' unpaid calculations from December 2009 and then added

them again as "administrative fees" to the overall damage award.  Third, the R&R slightly

miscalculated the late-paid contributions owed and assessed them at $8,265.89 instead of

$8,141.94, an error which affects the calculation of liquidated damages and interest due.[2]  See

Supplemental Decl. of Noelia E. Jaramillo, Ex. E.  Last, the R&R miscalculated the total interest

---

[1] This error appears to have been a simple mathematical error:  the R&R calculated the unpaid contributions from December 2009 as $3,592.84; and it assessed the additional unpaid contributions from October 2010 through June 2011 at $45,113.94.  These figures add up to $48,706.78, an amount $300.00 less than the $49,006.78 figure that the R&R reached.

[2] Using this recalculated figure, the court finds that plaintiffs are entitled to a liquidated damages award of $11,294.75, which is twenty percent of $48,331.78 in required contributions and $8,141.94 in late-paid contributions.

owed.  Reassessing the interest owed as of the date of this order, the court finds that it is appropriate to calculate the interest as follows, using an interest rate of 18% per annum:

| FUND | DELINQUENT CONTRIBUTIONS | PER DIEM INTEREST RATE | INTEREST AS OF 10/24/11 | ADDITIONAL INTEREST TO DATE (72 DAYS) |
|---|---|---|---|---|
| Welfare | $17,782.24 | $8.76 | $2,045.08 | $630.72 |
| Pension | $13,707.04 | $6.71 | $1,566.22 | $483.12 |
| Annuity | $11,829.62 | $5.83 | $1382.84 | $419.76 |
| Job Training | $150.48 | $0.09 | $15.27 | $6.48 |
| Vacation/Sick Leave | $4,862.40 | $2.42 | $566.01 | $174.24 |
| TOTALS | $48,331.78 | $23.81 | $5575.42 | $1,714.32 |
| TOTAL interest owed on delinquent contributions | | | | $7289.74 |

| FUND | LATE PAID CONTRIBUTIONS 3/10, 8/10, 9/10 | INTEREST OWED |
|---|---|---|
| Welfare | $ 2,990.15 | $81.76 |
| Pension | $2,200.68 | $60.43 |
| Annuity | $2,081.56 | $54.74 |
| Job Training | $28.05 | $0.74 |
| Vacation/Sick Leave | $841.50 | $22.31 |
| TOTALS | $8141.94 | $219.98 |

Summing these amounts, the total interest owed is $7,509.72.

## CONCLUSION

Subject to the modifications outlined above, the court adopts the R&R as the opinion of the court, pursuant to 28 U.S.C. § 636(b)(1).  Plaintiffs are hereby entitled to a total of $74,091.35 in damages from defendant Interstate as follows:  (1) $48,706.78 in delinquent contributions; (2) $7,509.72 in interest on the untimely paid contributions; (3) $11,294.75 in liquidated damages; and (4) $6,580.10 in attorney's fees and costs.  Frantellizzi is jointly and severally liable for $3,592.24 of the damages assessed for delinquent contributions.  In addition, plaintiffs are awarded any additional interest, to be paid at a rate of $23.81 per day, accruing from January 5, 2012, through the date on which judgment is entered.

3

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated:        January 4, 2012
              Brooklyn, New York

MAILING LIST

Avram H. Schreiber, Esq.
40 Exchange Place, Suite 1300
New York, NY 10005


Interstate Masonry Corp.
58-17 59th Drive
Maspeth, NY 11378

and

Janine Frantellizzi
58-17 59th Drive
Maspeth, NY 11378


Magistrate Judge Pollak